**5 STAR DIAMOND, LLC and Mohinder Singh Mashiana, Appellants,**

v.

**Baldav SINGH and Debra Singh, individually and doing business as B & D Petro, Appellees**

**Debra Singh, individually and doing business as B & D Petro, Cross–Appellant,**

v.

**5 Star Diamond, LLC and Mohinder Singh Mashiana, Cross–Appellees.**

No. 05–11–00383–CV.

Court of Appeals of Texas, Dallas.

April 25, 2012.

Mohammed Samiuzzaman Khaleel, R. Keith Walker, Walker & Rowan, P.C., Dallas, TX, for Appellant.

Sasha Vrnduana Singh, Ray Ramkumar Singh, The Law Offices of Ray R. Singh, Richardson, TX, for Appellee.

Before Justices MORRIS, FILLMORE, and MYERS.

## OPINION

Opinion By Justice FILLMORE.

Appellants 5 Star Diamond, LLC and Mohinder Singh Mashiana appeal the trial court's judgment. In two issues, appellants assert the trial court abused its discretion by (1) striking appellants' pleadings, granting monetary sanctions against appellants, and granting a final judgment, and (2) failing to address the motions for continuance filed by appellants and appellee/cross-appellant Debra Singh[1] (Debra) prior to striking appellants' pleadings. In a single issue in Debra's cross-appeal, she contends the trial court should not have disposed of her counterclaims in the final judgment disposing of all parties and claims. We affirm the trial court's judgment.

## Background

Appellants own a commercial property which they leased to Baldav Singh and Debra, individually and doing business as B & D Petro. On April 4, 2011, appellants filed suit, seeking possession of the leased property, damages for unpaid rent and property taxes, damages for alleged tortious interference with prospective business relations, exemplary damages, and attorney's fees. The case was set for trial on March 7, 2011.

Debra filed counterclaims against appellants for breach of a settlement agreement, breach of contract, conversion, declaratory relief, damages, and attorney's fees. She served appellants with a request for disclosure on June 7, 2010. *See* Tex.R. Civ. P. 194.2. Appellants did not timely respond to Debra's request for disclosure, and on December 15, 2010, Debra filed a motion to compel and for sanctions (first motion) against appellants seeking responses to her request for disclosure. The record contains no response filed by appellants to Debra's first motion.

On November 17, 2010, Debra served a notice of deposition of appellant Mashiana accompanied by a request for production. *See* Tex.R. Civ. P. 192.1(b). A response to the request for production was due in advance of Mashiana's deposition. Debra's counsel received multiple assurances from appellants' counsel that appellants' responses to the outstanding request for disclosure would be received by appellants' counsel in advance of Mashiana's deposition.

Mashiana appeared for his deposition on December 21, 2010. At that time, appellants had not responded to Debra's request for disclosure, and Mashiana had not responded to Debra's request for production. Mashiana did not produce documents responsive to the request for production at his deposition. At the deposition, appellants' counsel stated:

... I think there's some misunderstandings between Mr. Mashiana and I. We're going to clear that up, and we'll work on getting these answered. I don't think

---

1. Although an additional individual, Baldav Singh, was named as a defendant and his name has been included by the parties in the caption of this appeal, there is nothing in the record to indicate Baldav Singh was served or appeared in the proceedings below, and he has not appeared in this appeal.

that there's an understanding yet that these are ordered and that it, indeed-you know, it needs to be done. I would request some time to get those together, and I don't mind suspending the deposition and we'll work on getting these documents together.

The deposition was suspended, with agreement by counsel for appellants that the documents responsive to the request for production would be provided to Debra by January 3, 2011 and that the deposition would be resumed after production of the requested documents. Documents responsive to Debra's request for production were not received by January 3, 2011. Debra filed her second motion to compel and for sanctions (second motion), seeking responses to her request for production. Debra's first and second motions were set for hearing on January 14, 2011. The record contains no response filed by appellants to Debra's second motion.

On January 4, 2011, appellants' counsel informed Debra's counsel that he had been unable to communicate with his client or to secure his client's participation in responding to the outstanding discovery. Appellants' counsel indicated he had in his possession only a small portion of the documents requested in the outstanding discovery. He also advised Debra's counsel that he would be filing a motion to withdraw as appellants' counsel. On that same day, appellants' counsel filed a motion to withdraw. In that motion, he stated:

[Counsel] has continuously tried to contact, MOHINDER SINGH MASHIANA and 5-STAR DIAMOND with respect to their case so as to ascertain documents and facts pursuant to complying with a *Request for Production Of Documents* received from [opposing counsel]. MOHINDER SINGH MASHIANA and 5-STAR DIAMOND have not replied to attempts at contact includ-

ing an email and several phone calls urging their participation with complying with the request for production of documents....

Furthermore, Plaintiffs, MOHINDER SINGH MASHIANA and 5-STAR DIAMOND, LLC have demonstrated on several occasions their lack of concern about their case by not returning phone calls and not providing documents requested by the opposing counsel.

In the motion to withdraw, appellants' counsel referenced settings in the case, including the agreed deadline for responding to Debra's request for production of documents, the January 14, 2011 hearing of Debra's first and second motions, and the March 7, 2011 trial setting in the case.

On January 14, 2011, the trial court heard Debra's first and second motions. At the hearing, appellants' counsel advised the trial court that he would not pursue his motion to withdraw as counsel and that he thought he had successfully communicated the seriousness of the matter to his clients. He stated the intention of appellants to fully comply with outstanding discovery. The trial court granted both motions to compel and ordered appellants to respond to Debra's requests for disclosure and production by 5:00 p.m. on January 24, 2011. The trial court rendered an order on January 24, 2011 that contained the deadline for delivery of responses to the requests for disclosure and production and also sanctioned appellants, requiring them to pay Debra $500.00 in attorney's fees for having to bring her first and second motions before the court.

On January 25, 2011, appellants served Debra with a response to Debra's request for disclosure, although Debra asserts the response was incomplete, evasive, and unsigned. On February 8, 2011, Debra filed her third motion to compel and for sanctions (third motion), complaining the ap-

pellants' response to her request for disclosure was not served by the trial court's deadline of January 24, 2011 and was inadequate. Debra further complained in her third motion of Mashiana's failure to respond to Debra's request for production by the date agreed at the December 21, 2010 deposition, by the trial court's January 24, 2011 deadline, or even as of the date of the filing of the motion. The record contains no written response by appellants to Debra's third motion.

On March 3, 2011, the trial court heard Debra's third motion. Debra advised the trial court at the hearing that on February 15, 2011, after filing her third motion, she received emails attaching some documents responsive to the request for production, but the response was incomplete and unsigned. For example, Debra complained that although Mashiana stated in his December 21, 2010 deposition that he had tax returns and sales tax reports in his possession, those documents had not been produced as of the date of the March 3, 2011 hearing. Debra complained that, despite advising appellants' counsel of the deficiencies in the response to her request for production, appellants had not corrected the deficiencies. Debra informed the trial court that she was unable to reconvene Mashiana's deposition because no dates had been provided by appellants' counsel and she had not received documents necessary for use in Mashiana's deposition and in defense of appellants' claims. She also advised the trial court that, in addition to appellants' failure to timely comply with the trial court's deadline in the order ruling on Debra's first and second motions, appellants had not paid Debra the monetary sanction imposed by the order.

At the March 3, 2011 hearing, appellants' attorney stated that he tried to impress upon appellants the importance of "getting this discovery in." He advised the trial court that while some documents had been produced to Debra, other responsive documents were taking time to obtain. Despite a trial setting in two business days from the date of the hearing, appellants' counsel stated that he anticipated forty to forty-five days would be required to obtain the responsive documents. Appellants' counsel acknowledged that existing discovery responses were incomplete and advised the trial court that "our client does need to be ordered to produce all of these documents." Appellants' counsel also acknowledged that documents responsive to Debra's request for production were not produced at Mashiana's deposition and that a portion of the court reporter's fee for that deposition should be charged to Mashiana as a penalty.

Appellants' counsel confirmed to the trial court at the March 3, 2011 hearing that Mashiana had been present at the January 14, 2011 hearing when the trial court announced responses to Debra's requests for disclosure and production must be delivered by 5:00 p.m. on January 24, 2011. Appellants' counsel stated that he did not feel Mashiana "respected the authority of what we're trying to do here and the Court's authority." He informed the trial court that co-counsel for appellants has "more sway with [Mashiana] than I do to impress upon this man that he's got to answer the discovery requests. We're hopeful that he will, but it will take some time."

On March 4, 2011, the trial court signed an Order Granting Defendant's Third Motion to Compel and for Sanctions and Final Judgment, which granted Debra's third motion; struck appellants' pleadings with prejudice to refiling; ordered appellants jointly and severally to pay Debra the $500.00 sanction as previously ordered; ordered appellants jointly and severally to pay Debra $1,500.00 for Debra having to

bring her third motion before the trial court and for "the costs associated with [appellants'] dilatory discovery tactics"; and entered final judgment disposing of all parties and claims. Appellants appeal this sanction order and final judgment.

### Sanctions

In their first issue, appellants assert the trial court abused its discretion by striking appellants' pleadings, granting monetary sanctions against appellants, and granting a final judgment. Debra argues the trial court imposed the sanctions only after lesser sanctions failed to secure appellants' compliance with applicable discovery rules and the trial court's January 24, 2011 order and after ample time was given to secure such compliance.

We review a trial court's imposition of sanctions for an abuse of discretion. *Am. Flood Research, Inc. v. Jones,* 192 S.W.3d 581, 583 (Tex.2006) (per curiam); *see also Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990) (imposing an available sanction is left to trial court's sound discretion). A trial court abuses its discretion if it acts without reference to any guiding rules and principles such that the act was arbitrary or unreasonable. *Am. Flood Research, Inc.,* 192 S.W.3d at 583; *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985); *see also Mackie,* 796 S.W.2d at 704 (test for whether trial court abused its discretion in striking a party's pleadings is whether trial court acted without reference to any guiding rules and principles such that trial court's decision was arbitrary or unreasonable). We must conduct an independent review of the entire record in determining whether the trial court abused its discretion by imposing sanctions in this case. *See Am. Flood Research, Inc.,* 192 S.W.3d at 583.

A discovery sanction must be just; it must bear a direct relationship between the improper conduct and the sanction imposed, and it "should be no more severe than necessary to satisfy its legitimate purposes." *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991) (orig. proceeding). Discovery sanctions serve to secure compliance with the discovery rules, deter other litigants from violating the discovery rules, and punish those who violate the rules. *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.,* 300 S.W.3d 348, 384 (Tex.App.-Dallas 2009, pet. denied) (op. on r'hrg).

### Relationship Between Improper Conduct and Sanction Imposed

In order to address appellants' complaints on appeal, we must first examine the relationship between the appellants' conduct and the sanctions imposed in the trial court's March 4, 2011 order. *See TransAmerican Natural Gas Corp.,* 811 S.W.2d at 917. A just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party. *Id.* The trial court's March 4, 2011 order was not the first order entered in the course of the pretrial proceedings. The trial court conducted a hearing and rendered a January 24, 2011 order on Debra's first and second motions. The record reflects that even prior to the January 14, 2011 hearing on Debra's first and second motions, appellants were aware of the outstanding discovery but failed to respond to requests from their counsel for assistance in responding to the discovery.

After the January 24, 2011 deadline for responses to Debra's requests for disclosure and production, Debra filed her third motion, complaining that appellants' response to her request for disclosure was inadequate and she had received no re-

sponse to her request for production. At the March 3, 2011 hearing of Debra's third motion, the trial court heard argument and undisputed facts regarding appellants' failure to timely comply with the trial court's January 24, 2011 order requiring responses to Debra's requests for disclosure and production and imposing a monetary sanction. At the hearing, counsel for appellants confirmed Mashiana was present at the January 14, 2011 hearing, appellants were aware of the discovery deadlines announced at the January 14, 2011 hearing and imposed by the January 24, 2011 order, and appellants had not complied with those deadlines. Despite the trial court's prior order on Debra's first and second motions, at the time of the hearing of Debra's third motion, appellants' counsel advised the trial court that he was hopeful appellants would provide the information and documentation necessary to respond to the outstanding discovery. Appellants' counsel stated he anticipated forty to forty-five days would be required to complete responses to the outstanding discovery, despite the fact that more than forty-five days had expired since the trial court announced at the January 14, 2011 hearing that appellants' responses to the outstanding discovery were to be delivered to Debra's counsel by January 24, 2011. The record confirms that Mashiana had not demonstrated respect for the litigation process and the trial court's authority.

Appellants contend "their situation and the facts in this case" do not support the trial court's sanction of striking their pleadings and dismissing their claims with prejudice. They assert the trial court did not accept or solicit information that it needed to make a judicious decision in the case. While appellants acknowledge the trial court heard argument from counsel regarding the discovery issues presented in Debra's three motions to compel and for sanctions, appellants assert the trial court did not "delve into the details and materials needed to assess whether [Debra's] bolstering of harm in [her] arguments was accurate or merely that of 'selling [her] case.'" We note that the record does not contain a response from appellants to any of Debra's three motions to compel and for sanctions. Moreover, appellants elicited no testimony at the hearings of the motions to compel and for sanctions. Appellants contend there were more reasonable sanctions that could have been applied by the trial court, which would have served the interest of justice and "still not have handicapped the case and trial for [Debra]," and appellants contend "[t]here was certainly time to do so." We disagree. The record confirms that Debra continued to endeavor to obtain responses to her outstanding discovery for purposes of defending against appellants' claims and in pursuit of her counterclaims, including discovery responses necessary for the pretrial deposition of Mashiana, at the hearing of her third motion conducted only two business days before the trial setting.

We conclude there was a direct relationship between offensive conduct on the part of appellants and sanctions imposed by the trial court. *See Cire v. Cummings,* 134 S.W.3d 835, 839 (Tex.2004); *see also Hernandez v. Sovereign Cherokee Nation Tejas,* 343 S.W.3d 162, 171 (Tex.App.-Dallas 2011, pet. denied). Discovery sanctions can be used to adjudicate the merits of a party's claims only when the party's hindrance of the discovery process justifies a presumption that its claims lack merit. *Cire,* 134 S.W.3d at 841. "[I]f a party refuses to produce material evidence, despite the imposition of lesser sanctions, the court may presume that an asserted claim or defense lacks merit and dispose of it." *TransAmerican Natural Gas Corp.,* 811 S.W.2d at 918. The record supports a conclusion that appellants violated the

court's order ruling on Debra's first and second motions, which imposed both a deadline for responses to discovery and a sanction for discovery abuse. Further, the record supports the conclusion that documents to be produced in response to Debra's request for production were directly related to claims appellants asserted. On this record, appellants' repeated hindrance of the discovery process, including violation of a trial court order imposing a sanction for discovery abuse, justified a presumption that their claims lack merit. *Cire,* 134 S.W.3d at 841.

*Sanctions Must Not Be Excessive*

 Next we examine whether the sanction striking appellants' pleadings was excessive. A sanction is excessive if lesser sanctions would have served the purposes of compliance, deterrence, and punishment. *See Tex. Integrated Conveyor Sys., Inc.,* 300 S.W.3d at 384. Striking pleadings is a harsh sanction that must be used as a last resort after the trial court has considered lesser sanctions. *Cire,* 134 S.W.3d at 842. "[In] all but the most egregious and exceptional circumstances, the trial court must test lesser sanctions before resorting to death penalty sanctions." *Id.*

The record reveals Mashiana was present, and had the opportunity to testify had he chosen, at the hearing of Debra's first and second motions prior to the trial court's order striking appellants' pleadings. Moreover, appellants filed no written response to any of Debra's three motions to compel and for sanctions.

While the trial court's January 24, 2011 order does not recite particular evidence, the record of the January 14, 2011 hearing of Debra's first and second motions, and Debra's motions contain undisputed facts regarding the outstanding requests for disclosure and production, as well as her counsel's efforts to obtain responses from appellants to the outstanding discovery. The record of the March 3, 2011 hearing of Debra's third motion, and Debra's third motion contain undisputed facts regarding the outstanding discovery, her counsel's efforts to obtain responses from appellants to the outstanding discovery, appellants' failure to comply with discovery, and appellants' failure to comply with the trial court's January 24, 2011 order. The record supports the conclusion that appellants' conduct prevented Debra from timely obtaining evidence essential to the refutation of appellants' claims and for presentation of her counterclaims. *See Cire,* 134 S.W.3d at 841. With regard to the monetary sanction imposed by the trial court's order on Debra's third motion, the record contains the acknowledgment of appellants' counsel at the hearing of that motion that a monetary sanction was appropriate. The record further supports the conclusion that the lesser measures imposed by the trial court in its orders on Debra's first and second motions had not achieved appellants' compliance with the prior orders of the court.

Based on our independent review of the entire record, we conclude the sanctions imposed by the trial court have a direct relationship to appellants' improper conduct and were not excessive. *See Stromberger v. Turley Law Firm,* 315 S.W.3d 921, 925 (Tex.App.-Dallas 2010, no pet.) (review of entire record revealed no abuse of discretion by trial court's imposing $5,300 in attorney's fees as sanction). Thus, we conclude the trial court did not abuse its discretion in entering the sanctions order at issue on appeal that resulted in the final judgment. *See Am. Flood Research, Inc.,* 192 S.W.3d at 583.

We resolve appellants' first issue against them.

## Motions for Continuance

In their second issue, appellants contend the trial court abused its discretion by failing to address appellants' or Debra's motions for continuance of the trial setting at the hearing of Debra's third motion. The decision to grant or to deny a motion for continuance is within the trial court's discretion. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex.1988).

On February 7, 2011, appellants filed a motion for continuance, requesting the trial court continue the March 7, 2011 trial setting because appellants needed to obtain evidence and testimony and to attempt a mediation. On February 28, 2011, Debra filed a motion for continuance of the trial setting only for purposes of Debra's obtaining responses to discovery propounded to appellants. Neither appellants nor Debra requested a hearing of their motion for continuance or for the trial court to consider their motion for continuance at the March 3, 2011 hearing of Debra's third motion.

Appellants essentially argue the trial court should have considered their motion for continuance, as well as Debra's motion for continuance, even though no hearing had been requested or scheduled on either of those motions. A trial court is not obliged to conduct a hearing merely because appellants filed a motion for continuance. In order to preserve error for appellate review, the record must show that appellants made the complaint to the trial court by a timely request, objection, or motion and the trial court ruled on the request, objection, or motion. TEX.R.APP. P. 33.1. Accordingly, error, if any, in the trial court's failure to rule on the appellants' motion for continuance was not preserved. *See id.; Mitchell v. Bank of Am.*, 156 S.W.3d 622, 626 (Tex. App.-Dallas 2004, pet. denied) (party who failed to obtain ruling from trial court on motion for jury trial continuance failed to preserve error).

We resolve appellants' second issue against them.

## Dismissal of Debra's Counterclaims

In her cross-appeal, Debra contends the trial court should not have disposed of her counterclaims in the final judgment rendered by the trial court disposing of all parties and claims. In her notice of appeal, Debra stated she was willing to concede the final judgment's dismissal of her counterclaims, but in light of the appellants' notice of appeal, she filed her notice of cross-appeal to "protect her counterclaims." In her appellate brief, Debra again states she would "concede" her counterclaims unless this Court reversed the trial court's judgment striking appellants' pleadings and dismissing appellants' claims with prejudice, in which case Debra requested this Court to consider her sole cross-appeal issue.

We have not found in favor of appellants on either of their issues. Debra has advised this Court that she does not desire to pursue her cross-appeal issue in this circumstance. We now consider the issue withdrawn from this appeal. *See* TEX. R.APP. P. 47.1.

## Conclusion

We affirm the trial court's judgment.