# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00126-CV

---

**Francesca Scanio Stacey, Appellant**

**v.**

**Selina Shadd, Appellee**

---

#### FROM THE COUNTY COURT AT LAW NO. 1 OF CALDWELL COUNTY
#### NO. 182, THE HONORABLE BARBARA MOLINA, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

This appeal arises from a dispute involving three sisters—Dana Anderson, Leslie Collier, and Selina Shadd—and competing petitions for the appointment of a guardian for their mother, Juliet Spreen. Ad litem attorney Francesca Scanio Stacey, whom the county court at law had appointed to represent Spreen's interests in the proceedings, challenges an order sealing certain financial records and sanctioning her for publicly filing those records with the court's clerk instead of privately serving the records on the parties. She disputes the order's provisions imposing the sanctions but not the provisions sealing the records. Shadd, as appellee, argues that this Court has no jurisdiction to reach Stacey's challenge and, in the alternative, that the trial court did not abuse its discretion by imposing sanctions. Having concluded that Stacey has invoked our jurisdiction and that the trial court abused its discretion by imposing sanctions, we will redact the order's provisions imposing the sanctions and affirm the order as modified.

**BACKGROUND**

In 1996, Spreen and her husband created the Spreen Living Trust (the Trust) with the couple serving as its sole beneficiaries and its first trustees. Spreen's husband died in 2010, leaving Spreen as the sole beneficiary and trustee. In 2017, Spreen suffered a debilitating stroke, eventually leaving her unable to manage the Trust. By 2019, Spreen had moved in with Collier, and Shadd had succeeded as trustee pursuant to certain arrangements not at issue here.

Also in 2019, Anderson filed an application for the appointment of a guardian to manage Spreen's person and estate, apparently having become concerned that her sisters might be misappropriating their mother's personal assets and the assets in the Trust. Shadd contested Anderson's guardianship application and later filed her own application for the appointment of a guardian to manage their mother's person and estate. The trial court appointed Stacey to represent Spreen's interests in the ensuing proceedings.

Although the Trust was not party to the case, Shadd filed a motion to dismiss the Trust from the suit, asking that all "matters relating to the [Trust] be dismissed" because "a County Court At Law lacks jurisdiction to intervene in the administration of the trust." *See* Tex. Prop. Code § 115.001(a) (vesting district courts with "original and exclusive jurisdiction" over "all proceedings concerning trusts"), (d) (delineating certain exceptions). The trial court held a hearing on the motion and entered an order indicating that "all claims regarding [the Trust] . . . are hereby dismissed."

In preparation for trial, but before any trial date had been set, Stacey filed over 1600 pages of redacted financial records regarding certain assets owned by Spreen and the Trust. The records reflect five years of deposits, withdrawals, and expenditures from seven accounts, and Stacey deemed the records relevant to the guardianship determination insofar as they reveal

2

possible "misappropriation of the [proposed] ward's assets and negligence in handling the proposed ward's estate by Shadd and . . . Collier." Stacey apparently thought she was required to file these records with the clerk of court and did not realize that a recent amendment to the governing rule instead provides that such records must be served directly on the parties. *See* Tex. R. Evid. 902(10) ("The proponent of a record must serve the record and the accompanying affidavit on each other party to the case at least 14 days before trial."); Act of May 17, 2013, 83rd Leg., R.S., ch. 560, § 3, 2013 Tex. Gen. Laws 1509, 1510 (instructing Supreme Court to amend rule 902(10) to eliminate requirement that litigants file certain business records with court clerk); Tex. R. Evid. 902(10) cmt. to 2014 change ("At the direction of the Legislature, the requirement that records be filed with the court before trial has been removed."). Stacey then requested reimbursement of, inter alia, the time and expense incurred in preparing the filing.

In response to the filing, Shadd filed a "motion to seal and for sanctions," seeking an order sealing the redacted financial records and imposing sanctions upon Stacey, who purportedly "ha[d] violated the Texas Rules of Evidence, ha[d] committed breaches of her duty to her client regarding her client's confidential financial information, ha[d] violated this Court's order dated December 6, 2019, regarding [the Trust], and ha[d] published confidential financial information belonging to [the Trust]." The motion also asked that Stacey bear any costs associated with obtaining, redacting, and filing the disputed records. Although Shadd's motion outlined the grievances for which she sought an imposition of sanctions, it did not set forth the authority allowing for the requested imposition. Stacey filed a response in opposition, and the trial court held a hearing on the motion.

At the hearing, the parties presented argument but offered no evidence on the question of sanctions. The court then granted Shadd's motion, sealing the financial records and

3

imposing a $500.00 sanction on Stacey, explaining that "confidential records have been filed in the public records in contravention of the Court's previous order excluding [the Trust] from this cause" and that "the filing of these and other private records is in contravention of the Texas Rules of Evidence 902(10)." The trial court also ordered Stacey to attend continuing legal education courses "with a minimum of 4 hours [of] emphasis on the Texas Rules of Evidence on or before August 30, 2020." In addition, the trial court removed Stacey as attorney ad litem, explaining that she had "violated the duty owed her client by filing such information; that she [had] failed to follow the Texas Rules of Evidence governing the filing of business records[;] and that she [had] violated this Court's order of December 6, 2019[,] excluding [the Trust] from this cause."

On Stacey's motion, the trial court filed findings of fact and conclusions of law. As relevant here, the court's findings include:

- On January 2, 2020 and January 3, 2020, Francesca Scanio Stacey, Attorney Ad Litem for Juliet Spreen, filed Business Records Affidavits and Statements of financial records of the Proposed Ward and financial records of [the Trust] . . . .

- Francesca Scanio Stacey violated the Court's Order of December 6, 2019[,] excluding the [the Trust] from this cause.

- Confidential records were filed in the public records in contravention of the Court's previous Order excluding the [the Trust] from this cause.

- Francesca Scanio Stacey, Attorney Ad Litem, violated the duty owed to her client by filing such information.

The court then concluded that "[t]he filings of these confidential records and other private records filed on January 2, 2020 and January 3, 2020 by Francesca Scanio Stacey were in contravention of the Texas Rules of Evidence 902(10)" and that her "actions are sanctionable for

4

violating the Court's Order dated December 6, 2019 by publishing confidential financial information belonging to [the Trust], which the court had previously excluded from this cause."

Stacey timely perfected this appeal, challenging the sanctions but not the sealing itself. In response, Shadd filed a motion to dismiss the appeal, arguing that the disputed order "is not final and appealable as it remains a part of the pending proceeding."

After Stacey filed notice of appeal, the proceedings continued below, and the parties tried the question of guardianship to the bench. The county court at law ultimately issued an order denying the competing guardianship applications, finding, inter alia, that "it is not necessary for the Appointment of a Guardian." That order is not challenged in this appeal.

## DISCUSSION

As a threshold matter, Shadd contests our jurisdiction over Stacey's arguments, asserting that the trial court's imposition of sanctions is not part of any appealable order or judgment. We will begin with jurisdiction before proceeding to Stacey's appeal.

**Shadd's Motion to Dismiss**

Ours is a court of limited jurisdiction. *See* Tex. Const. art. V, § 6(a); *Branch L. Firm L.L.P. v. Osborn*, 532 S.W.3d 1, 10 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Our jurisdiction is invoked by the timely filed notice of appeal of an appealable judgment or order. *See* Tex. R. App. P. 25.1. As a general rule, appeal may only be taken from final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders are appealable only if made appealable by statute and only to the extent jurisdiction is conferred by statute. *See Osborn*, 532 S.W.3d at 10 (citing *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding)). We construe any source of interlocutory

jurisdiction by looking first to its plain language. *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 727 (Tex. 2019). Where ambiguity exists, we will "strictly construe[]" any exceptions to the general rule that litigants may only appeal final judgment. *See id*. at 736 (citing *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *In re McAllen Med. Ctr., Inc*., 275 S.W.3d 458, 461 (Tex. 2008)).

Shadd urges this Court to dismiss Stacey's appeal, arguing that "there is no final judgment and appellate jurisdiction has not attached." In her motion to dismiss, Shadd complains that Stacey "filed her Notice of Appeal even before trial" and that "the Sanctions Order does not contain any of the language required to denote finality."

We need not address Shadd's arguments regarding finality because this Court may exercise jurisdiction under Rule 76a of the Texas Rules of Civil Procedure.

Rule 76a provides:

> *Any order* (or portion of an order or judgment) *relating to sealing or unsealing court records* shall be deemed to be severed from the case and a final judgment which *may be appealed by any party* or intervenor *who participated in the hearing preceding issuance of such order*. The appellate court may abate the appeal and order the trial court to direct that further public notice be given, or to hold further hearings, or to make additional findings.

Tex. R. Civ. P. 76a(8) (emphasis added). In other words, we may exercise jurisdiction pursuant to this rule if: (1) the attempted appeal is from an order "relating to sealing or unsealing court records," and (2) the would-be appellant "participated in the hearing preceding the issuance of such order." Stacey's appeal satisfies both criteria.

First, the challenged order operates in part to seal the disputed financial records, thereby making it an order "relating to sealing." Shadd, however, observes that the order's provisions sealing those records are unchallenged on appeal and argues that because Stacey does

6

not challenge the sealing itself, Stacey may not avail herself of the interlocutory review afforded by Rule 76a. We disagree, as even the challenged provisions "relat[e] to" sealing. The record reveals that the trial court granted the motion for sanctions in part because Stacey had erroneously filed unsealed documents that (1) should not have been filed, and (2) if filed, should have been accompanied by a motion to seal. Moreover, the court calculated the monetary sanction by looking to the "costs to prosecute the motion to seal." Thus, Stacey challenges an order "relating to sealing or unsealing court records," thereby bringing her challenge within the purview of Rule 76a.

Second, Stacey participated in the hearing on Shadd's "motion to seal and for sanctions," presenting argument on her own behalf and on behalf of Ms. Spreen. She therefore satisfies both crtieria established by Rule 76a, and we may exercise jurisdiction over her appeal.

Shadd offers two cases as ostensible support for her position that we lack jurisdiction over this appeal, but those cases—*Title Source, Inc. v. HouseCanary, Inc.*, 603 S.W.3d 829 (Tex. App.—San Antonio 2019, pet. granted), and *Cortez v. Johnston*, No. 06-13-00120-CV, 2014 WL 1513306 (Tex. App.—Texarkana Apr. 16, 2014, no pet.) (mem. op.)—do not facilitate her argument.

*Title Source* involved a challenge to an assertion of jurisdiction under Rule 76a where the trial court's order made no mention of that rule and where appellee argued that any interlocutory review otherwise available under Rule 76a would be preempted by federal trade-secrets law. *See* 603 S.W.3d at 834. The court of appeals found no conflict between state and federal law, *see id.* at 835, and rejected appellee's remaining arguments, explaining, "While it is true that the court's order to seal does not mention Rule 76a, this fact alone does not remove the order from the ambit of appealable orders specified by Rule 76a(8)—i.e., 'any order . . . relating

7

to sealing or unsealing court records,'" *see id*. at 834 (quoting Tex. R. Civ. P. 76a(8)). The court continued, "The plain language of Rule 76a provides for appellate jurisdiction." *See id.* Here, as in *Title Source*, the rule's language provides appellate jurisdiction over the disputed order.

*Cortez*, meanwhile, involved a litigant's attempt to bring a second Rule 76a appeal from a single dispute over public access to certain documents. *See* 2014 WL 1513306, at *1. After unsuccessfully arguing in his first appeal that the disputed documents did not constitute "court records" for the purposes of Rule 76a's provisions regarding public access, *see Cortez v. Johnston*, 378 S.W.3d 468, 475 (Tex. App.—Texarkana 2012, pet. denied), Cortez returned to the trial court, raising new arguments regarding sealing and then attempting to appeal the resulting adverse ruling, *see* 2014 WL 1513306, at *1. The court of appeals held, inter alia, that the appellant should have brought all his arguments regarding the documents in a single Rule 76a motion and appeal. *Id*. at *2. The court explained, "We, therefore, conclude that the proper nature of an appeal in a Rule 76a proceeding is not a piecemeal appeal, but a single appeal from the final determination on sealing." *Id*. Here, the county court at law has made a "final determination on sealing," and this is Stacey's first attempt to appeal from the order rendering that determination. Thus, even assuming *Cortez* was correctly decided—a question we need not reach today—its holding does not undermine our jurisdiction over the dispute. Because we conclude that the plain language of Rule 76a affords this Court with jurisdiction over the challenged order, and because Shadd offers no authority suggesting otherwise, we overrule Shadd's arguments on the jurisdictional inquiry and deny her motion to dismiss.

**Stacey's Appeal**

Having confirmed our jurisdiction over the dispute, we turn to Stacey's appeal of the sanctions. Stacey argues that, under the circumstances present here, the county court at law had no discretion to impose sanctions against her. We agree. While Stacey presents seven arguments in support of her contention that the trial court abused its discretion by imposing sanctions, we will address those arguments only to the extent necessary to dispose of this appeal. *See* Tex. R. App. P. 47.1; *Gunnarson v. State*, No. 03-18-00738-CV, 2020 WL 913050, at *4 (Tex. App.—Austin Feb. 26, 2020, pet. filed) (mem. op.) ("To facilitate this discussion, we will consolidate and summarize these arguments into three broad issues on appeal." (citations omitted)).

"Various rules and statutes imbue courts with authority to sanction attorneys for professional lapses of one kind or another." *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717–18 (Tex. 2020) (citing *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997)). "Courts also possess inherent powers that aid the exercise of their jurisdiction, facilitate the administration of justice, and preserve the independence and integrity of the judicial system." *Id*. at 718 (citing Tex. Civ. Prac. & Rem. Code §§ 9.001–.014, 10.001–.006; Tex. Gov't Code § 21.002; Tex. R. Civ. P. 13, 18a(h), 215; *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997); *Remington Arms Co. v. Caldwell*, 850 S.W.2d 167, 172 (Tex. 1993)). A court's authority to sanction is broad but not without limit, *see id*., because the imposition of "any sanction at all is a serious matter that impugns counsel's professional judgment and ethical standing," *see id*. at 722–23.

"We review a trial court's sanctions order for abuse of discretion." *Id*. at 717 (citing *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004)). "A trial court abuses its

discretion if it acts without reference to guiding rules and principles such that the ruling is arbitrary or unreasonable," and "a decision lacking factual support is arbitrary and unreasonable and must be set aside." *See id*. (citing *Cire*, 134 S.W.3d at 838–39; *Goode*, 943 S.W.2d at 446). "In reviewing sanctions orders, the appellate courts are not bound by a trial court's findings of fact and conclusions of law; rather, appellate courts must independently review the entire record to determine whether the trial court abused its discretion." *American Flood Rsch., Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (citing *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852 (Tex. 1992); *United States Fid. & Guar. Co. v. Rossa*, 830 S.W.2d 668, 672 (Tex. App.—Waco 1992, writ denied)).

The county court at law sanctioned Stacey because it concluded she had: (1) violated the court's order dismissing Trust-related issues from the case, (2) violated Rule of Evidence 902(10), and (3) violated the duty of confidence she owed to Spreen. The court did not indicate, either at the hearing or in its order, under which statutory or common law authority it imposed those sanctions, but Shadd, as the movant, bore the burden of establishing the propriety of sanctions. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). Shadd argues that the court had discretion to impose sanctions under: (1) its authority to sanction for bad-faith or groundless pleadings under Rule 13, *see* Tex. R. Civ. P. 13; (2) its authority to sanction for discovery abuses under Rule 215, *see id*. R. 215.1–.6; or (3) its inherent authority to impose sanctions where appropriate, *see Brewer*, 601 S.W.3d at 708. On this record, none of the proffered sources supports the imposition of sanctions.

Shadd first contends the county court had discretion to impose sanctions under Rule 13 because Stacey "groundlessly filed confidential documents of record with the Court Clerk." We disagree with Shadd's interpretation of the rule. Rule 13 states:

10

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction . . . .

Tex. R. Civ. P. 13. This rule provides no authority for the imposition of sanctions against Stacey for the simple reason that the financial documents and affidavits at issue here, as they appear in the record on appeal, do not include "the signature of attorneys or parties." *See id.*; *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730 (Tex. 1993) ("Since the Zimmerman and Jiminez affidavits were not signed by GCSC's attorneys, it was a clear abuse of discretion for the district court to base an imposition of sanctions under Rule 13 on them."); *Yuen v. Gerson*, 342 S.W.3d 824, 828 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) ("[W]e hold the evidence is legally insufficient to support sanctions against Yuen under Rule 13 . . . because he did not sign the objectionable pleadings and was not a party to those pleadings."). Instead, each financial record is accompanied by an affidavit signed by an employee of the financial institution in possession of the records. Thus, even assuming the financial records constitute the kind of "pleading, motion, or other paper" contemplated by the rule, those records were not "signed in violation of this rule," and sanctions are therefore unavailable under Rule 13.

Shadd next contends that the court had discretion to grant her motion for sanctions pursuant to the authority set forth in Rule 215. *See* Tex. R. Civ. P. 215.1–.6. Again, we disagree. Rule 215's subparts delineate the sanctions available for what the high court describes as "various discovery abuses." *See TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 916 (Tex. 1991). The sanctions set forth in Rule 215 "serve to secure

11

compliance with the discovery rules, deter other litigants from violating the discovery rules, and punish those who violate the rules." *Gunn v. Fuqua*, 397 S.W.3d 358, 366 (Tex. App.—Dallas 2013, pet. denied) (citing *5 Star Diamond, LLC v. Singh*, 369 S.W.3d 572, 577 (Tex. App.—Dallas 2012, no pet.); *Texas Integrated Conv. Sys., Inc. v. Innovative Conv. Concepts, Inc.*, 300 S.W.3d 348, 384 (Tex. App.—Dallas 2009, pet. denied)). In this case, sanctions are unavailable under Rule 215 because the record is devoid of any evidence that Stacey abused the discovery process. *See Pedraza v. Peters*, 826 S.W.2d 741, 745 (Tex. App.—Houston [14th Dist. 1992, no writ) (reversing imposition of sanctions where conduct complained of was "not an abuse of the discovery process"). Shadd did not mention discovery in her motion, did not present evidence of discovery abuse at the hearing, and has not identified an abuse of discovery on appeal. The conduct Shadd complains of—Stacey's alleged violation of the court's dismissal order, her purported failure to comply with Rule 902(10), and her ostensible breach of confidence—is unrelated to discovery. *See* Abuse of Discovery, *Black's Law Dictionary* (defining such abuse as "the misuse of the pretrial discovery process, esp. by making overbroad requests for information that is unnecessary or beyond the scope of permissible disclosure or by conducting discovery for an improper purpose" or "[t]he failure to respond adequately to proper discovery requests"). In absence of evidence of a discovery abuse, the trial court had no discretion to impose sanctions under Rule 215.

Finally, we agree with Stacey that, on this record, the county court at law had no discretion to impose sanctions under its inherent authority. The Supreme Court of Texas recently clarified the scope of the inherent authority to impose sanctions on litigants and their attorneys, emphasizing that such a sanction requires a predicate finding of bad faith:

12

Inherent powers must be exercised with restraint, discretion, and great caution. To that end, invocation of the court's inherent power to sanction necessitates a finding of bad faith. . . . Bad faith is not just intentional conduct but intent to engage in conduct for an impermissible reason, willful noncompliance, or willful ignorance of the facts. Bad faith includes conscious doing of a wrong for a dishonest, discriminatory, or malicious purpose. Errors in judgment, lack of diligence, unreasonableness, negligence, or even gross negligence—without more—do not equate to bad faith. Improper motive, not perfection, is the touchstone. Bad faith can be established with direct or circumstantial evidence . . . .

*Brewer*, 601 S.W.3d at 718–19 (cleaned up) (footnotes omitted). Here, the county court at law made no finding of bad faith or of any other "improper motive" described by the *Brewer* court. Nor did the parties present any evidence that might support such a finding. The trial court therefore had no discretion under its inherent authority to impose sanctions for those alleged violations.

Yet Shadd, while conceding that she presented no evidence in support of her motion for sanctions, urges us to infer the requisite finding of bad faith from the undisputed fact that Stacey filed the redacted financial documents and from the possibility that she violated a court order, evidentiary rule, or ethical duty in doing so. But the *Brewer* analysis precludes such an inference in this case. The high court explained, "[M]ere violation of a rule, statute, or ethical standard does not ipso facto constitute bad faith." *Id.* at 716. It continued, "An error, without more, is no evidence of improper motive, unless the conduct could not have occurred without conscious wrongdoing." *Id.* (citing *McWhorter v. Sheller*, 993 S.W.2d 781 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *Onwuteaka v. Gill*, 908 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1995, no writ)). Viewing the record before us under the applicable standard, we cannot conclude that Stacey's conduct "could not have occurred without conscious wrongdoing." As a consequence, the trial court had no discretion under its inherent authority to

13

impose sanctions on Stacey. *See id.* Moreover, having undertaken an independent review of the record, *see Jones*, 192 S.W.3d at 583, we find no other basis for the imposition of sanctions, *see Brewer*, 601 S.W.3d at 717; *Polansky v. Berenji*, 393 S.W.3d 362, 369 (Tex. App.—Austin 2012, no pet.) (gathering authorities and explaining that "a trial court may not award sanctions on a basis not asserted in the motion" (citations omitted)), and conclude the district court abused its discretion by granting Shadd the requested sanctions. We therefore sustain Stacey's challenge and reform the court's order to reflect a disposition denying Shadd's motion to the extent it requested sanctions and granting that motion to the extent it requested sealing of the disputed financial documents. We affirm the order as modified.

## CONCLUSION

Because the district court abused its discretion by imposing sanctions on Stacey, we revise its order dated January 30, 2020, to eliminate the imposition of sanctions. Because the provisions of the order sealing the disputed records are unchallenged on appeal, we affirm the order as modified herein.

_____

Edward Smith, Justice

Before Justices Goodwin, Triana, and Smith

Modified and, as Modified, Affirmed

Filed: December 23, 2020

14